UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ORLANDO JAIME,

          Plaintiff,

vs.

JIM GIBBONS,

          Defendant.

Case No. 3:08-cv-0458-ECR-RAM

**ORDER**

        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-2). This Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

        In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

1  Plaintiff sues Nevada Governor Jim Gibbons in his individual and official capacities for violation
2 of his equal protection rights under the Fourteenth Amendment. He alleges that he is an "incarcerated
3 alien" and has been deprived of his "equal right to early release." Specifically, he claims that twenty-two
4 other alien inmates were given early releases from the custody of the Nevada Department of Corrections
5 and into the custody of the "immigration naturalization service." Plaintiff seeks declaratory relief and
6 "any other relief that the Court deems necessary."

7  Equal protection claims arise when a charge is made that similarly situated individuals are treated
8 differently without a rational relationship to a legitimate state purpose. *See San Antonio School District*
9 *v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal
10 protection clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with
11 intentional discrimination against a class of inmates which included plaintiff. *Lowe v. City of Monrovia*,
12 775 F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th
13 Cir. 1991).

14  The allegations made in the complaint simply do not implicate the Equal Protection Clause. The
15 Equal Protection Clause was intended as a restriction on state legislative action inconsistent with
16 elemental constitutional premises. Thus, the Court has treated as "presumptively invidious those
17 classifications that disadvantage a 'suspect class,' or that impinge upon the exercise of a 'fundamental
18 right.' " *Plyler v. Doe* 457 U.S. 202, 216-217 (1982) *citing McLaughlin v. Florida*, 379 U.S. 184, 192
19 (1964); *Hirabayaski v. United States,* 320 U.S. 81, 100 (1943)), *see also Dunn v. Blumstein,* 405 U.S.
20 330, 336 (1972). Plaintiff alleges that he is being treated differently from others within the class of
21 "aliens" by not receiving an early release. However, the plaintiff does not have a right to an early release
22 regardless of his citizenship status. Thus, the plaintiff fails to state a claim for an equal protection
23 violation.

24  Even if the plaintiff could state a claim for an equal protection violation, he cannot maintain a
25 suit against this defendant. Supervisory personnel are generally not liable under § 1983 for the actions
26

of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has named Defendant Gibbons merely due to his official position as Governor of the State of Nevada. Plaintiff has not alleged that the defendant personally participated in the alleged violation, knew of the violation and failed to prevent it, or promulgated a policy that was the moving force behind the alleged violation. Accordingly, the plaintiff fails to state a viable claim against Defendant Gibbons. Because amendment would be futile and there are no remaining defendants, the Complaint will be dismissed with prejudice.

Based on the foregoing, and with good cause appearing,

IT IS HEREBY ORDERED that the Clerk of the Court shall file the Complaint.

IT IS FURTHER ORDERED that the Complaint is **DISMISSED with prejudice.**

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED: March 26, 2009

_____
UNITED STATES DISTRICT JUDGE